UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ANTHONY TAYLOR, | No. 2:24-cv-1719 TLN SCR P |
| Petitioner, | ORDER VACATING FINDINGS AND RECOMMENDATIONS |
| v. | AND |
| KERN STATE PRISON, | AMENDED FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, a state prisoner proceeding without counsel, filed a petition for writ of habeas corpus. (ECF No. 1.) On September 3, 2024, the court ordered petitioner to submit, within thirty days, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee. (ECF No. 5.) The time granted for that purpose expired, and on October 28, 2024, the undersigned recommended this action be dismissed without prejudice. (ECF No. 7.) Petitioner filed objections to the findings and recommendations indicating he "filled out a fee waiver" which "the Clerk did not receive[.]" (ECF No. 7.) Based on petitioner's objections, the undersigned vacates the prior findings and recommendations and issues these amended findings and recommendations to dismiss.

**I.     In Forma Pauperis**

As set forth below, it clearly appears the petition is unexhausted. Because the petition must be dismissed, there is no need for petitioner to re-submit an affidavit in support of his

1

request to proceed in forma pauperis. See Tripati v. First Nat'l Bank & Tr., 821 F.2d 1368, 1370 (9th Cir. 1987) (a district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed pleading that the action is frivolous or without merit).

## II.   Screening Standard

In screening the habeas petition, the court applies the Rule 4 framework of the Rules Governing Section 2254 Cases in the United States District Courts. See 28 U.S.C. foll. § 2254, Rule 4. If it plainly appears from the petition, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, then the petition must be dismissed. Id.; Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

## III.   Discussion

Petitioner challenges his January 2024 conviction which is on appeal to the California Court of Appeal. (ECF No. 1.) Petitioner asserts two grounds for relief: (1) the so-called victim did not submit to a sobriety test, did not follow California bicycle laws, and did not show up for trial, and (2) plaintiff was ripped off at the canteen at North Kern State Prison. (Id. at 1-2.)

### A. Ground One is Unexhausted

To the extent petitioner requests relief that can be granted through a writ of habeas corpus, the petition is unexhausted, and must be dismissed. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Petitioner's direct appeal to the California Court of Appeal is pending, and the claims in the petition have not been presented to the California Supreme Court. (See ECF No. 1 at 2-3.)

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2

There is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice as unexhausted.

### B. Ground Two is Not Cognizable

Petitioner's claim that he was ripped off at canteen is not cognizable on habeas corpus and such a claim may be brought, if at all, only under 42 U.S.C. § 1983. See Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). However, plaintiff cannot state a claim under § 1983 based on deprivation of property in the manner alleged because California state law provides an adequate post-deprivation remedy. See Zimmerman v. City of Oakland, 255 F.3d 734, 738 (9th Cir. 2001); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam). Accordingly, the undersigned will not recommend the court convert ground two of the present petition to a civil rights action. See Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) (a district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner). Doing so would subject petitioner to filing fee requirements, sua sponte review of the complaint by the court, and limits on the number of actions a prisoner may be permitted to file in forma pauperis. See 28 U.S.C. §§ 1915 & 1915A; 42 U.S.C. § 1997e.

### IV. Conclusion, Order, and Recommendation

After reviewing the petition for habeas corpus, it clearly appears petitioner failed to exhaust state court remedies as to ground one. Ground two is not cognizable in a habeas action.

For the reasons set forth above, IT IS ORDERED that the findings and recommendations filed on October 28, 2024 (ECF No. 6) are VACATED.

As amended findings and recommendations, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas corpus be dismissed without leave to amend because ground one is unexhausted and ground two is not cognizable.
2. The court decline to issue a certificate of appealability.
3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after

being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 11, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE